UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        v.

MONTELL JONES,

                Defendant.

**DECISION AND ORDER**

15-CR-87A

---

**I. INTRODUCTION**

The Hon. Richard J. Arcara referred this case to this Court under 28 U.S.C. § 636(b).  (Dkt. No. 2.)  Pending before the Court are omnibus pretrial motions from defendant Montell Jones ("Jones").  (Dkt. No. 14.)  Together, the motions seek various types of non-dispositive pretrial relief.  The Government has filed responses to each of the motions.  (Dkt. No. 16.)

The Court held oral argument on November 4, 2015.  The Court now grants the motions and denies the motions in part as explained below.

**II. BACKGROUND**

This case has had a fairly abbreviated history so far.  On April 22, 2015, the Government filed a two-count indictment against Jones.  (Dkt. No. 1.)  In Count One, the Government accused Jones of assaulting a corrections officer who was on duty at Steuben County Correctional Facility, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b).  The alleged assault occurred on February 6, 2015.  In Count Two, the Government accused Jones of using the Postal Service

to deliver a threat to injure someone, in violation of 18 U.S.C. § 876(c).  Jones allegedly mailed his threat on March 2, 2015.  The Court arraigned Jones on April 29, 2015.

The Court notes that, from a legal perspective, the charges here are independent of the charges that Jones faces in Case No. 12-CR-103 in this District.

### III. DISCUSSION

Jones has moved for a Bill of Particulars.  Rule 7(f) of the Federal Rules of Criminal Procedure allows the Court to direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  *U.S. v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted).  "The important question is whether the information sought is necessary, not whether it is helpful.  It is improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory."  *U.S. v. LaMorte*, 744 F. Supp. 573, 577 (S.D.N.Y. 1990) (citations omitted).  Upon review of the Indictment and the Government's response to the omnibus motions, the Court finds that Jones is not entitled to a Bill of Particulars inasmuch as he is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect him from double jeopardy.  The Court denies the motion but without

prejudice to renew at trial if any problems arise with trial disclosures.

Jones has moved for an order compelling disclosure of the identities of informants who would testify for the Government at trial. The Government has responded that no informant participated in the events of this case and that it consequently will not call any informants at trial. Accordingly, the Government denies the motion but without prejudice to renew if circumstances change for any reason.

Jones also seeks information under FRE 609. The only notice requirement imposed by that Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, FRE 609(b) mandates that "the proponent give[] an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." To the extent the Government intends to use a conviction more than 10 years old, it must comply with this requirement. The Court grants Jones's motion generally but will defer to Judge Arcara as to how much notice before trial will wind up being reasonable.

Jones has filed a motion for disclosure under Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Court grants the motion generally. To the extent that the Government has not already done so, the Government is directed to provide either the notices and materials requested or a formal notice of objections to the requests. This directive includes the medical records and

Steuben County Correctional Facility procedures that counsel discussed at oral argument.

Finally, Jones seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the Government's witnesses, as required under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.  *Brady* material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [Government's] witness."  *U.S. v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989). Jones also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. § 3500).

The Government has acknowledged its obligations under *Brady* and *Giglio v. U.S.*, 405 U.S. 150 (1972), as well as the Jencks Act.  The Government represents that it will provide this material as directed in the District Court's trial order.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie *Brady* mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined *Brady*/Jencks material.  Indeed, even with

respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." *U.S. v. Percevault*, 490 F.2d 126 (2d Cir. 1974); *U.S. v. Green*, 144 F.R.D. 631 (W.D.N.Y. 1992).

Here, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient. The Court grants Jones's motion generally to require the Government to abide by its obligations, as Judge Arcara will clarify at a later time. The Court denies the motion to the extent that it seeks any other relief.

## IV. CONCLUSION

The Court grants Jones's motions in part and denies them in part as explained above.

Barring unforeseen events, this case appears ready for trial.

SO ORDERED.

                                         */s Hugh B. Scott*
                                      HONORABLE HUGH B. SCOTT
                                      UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2015